IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-32 (3) |
| | § | C.A. No. C-05-324 |
| WILFREDO MARTINEZ-CHAVEZ | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Wilfredo Martinez-Chavez's ("Martinez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 54),[1] which the Court deems filed as of June 27, 2005.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in detail herein, one of Martinez's two claims is subject to dismissal because he waived his right to file that claim. The second claim,

---

[1]     Dockets entries refer to the criminal case, C-04-cr-32.

[2]     Although Martinez's motion was received by the Clerk on July 1, 2005, it is dated June 27, 2005. Thus, June 27, 2005 is the earliest date it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed as of the earlier date.

which falls outside the scope of his waiver, fails on its merits. For these reasons, discussed in more detail below, the Court DENIES his § 2255 motion. Additionally, the Court DENIES Martinez a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On February 11, 2004, Martinez was charged in a two-count indictment with: (1) knowingly and intentionally conspiring to possess with intent to distribute approximately 3.9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 ("Count One"); and (2) knowingly and intentionally possessing with intent to distribute approximately 3.9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("Count Two"). (D.E. 1).

On April 5, 2004, Martinez pleaded guilty to Count One, pursuant to a written plea agreement. (D.E. 23, 24). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to move to dismiss Count Two at sentencing, to recommend that he receive a three-level credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 24).

The plea agreement contained a voluntary waiver of Martinez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a

>defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 24 at ¶ 8)(emphasis in original).

The Court questioned Martinez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  The Court questioned Martinez regarding both his waiver of his appellate rights and his right to file a § 2255 motion:

>THE COURT: By this plea agreement, you have also given up your right to appeal the sentence.  And so you should know that you do have the right to appeal the sentence that a judge imposes in the case, but by signing this agreement, you are giving up the right to appeal the sentencing decisions that I impose, and you are leaving the final decision with me.
>
>And the same thing is true with your right to file what's known as a habeas corpus petition, federal and state, or federal, under 2255 and 2241, which means that basically you can't later challenge your conviction or your sentence by alleging that there is some defect, some constitutional defect, in your conviction.

3

> So, that's where we stand.  Do you want to give up your right to appeal and also later . . . give up your right to later challenge your conviction and your sentence by filing any type of petition.  Do you want to give up your appeal and to do that ...Wilfredo Martinez?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you talk to your lawyer about giving up your right to appeal, as well as your right to file post-conviction collateral challenges?  Did you do that ... Wilfredo?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you received his advice, Wilfredo?
>
> THE DEFENDANT: Yes, sir.

(Digital Recording of 4/5/04 Rearraignment at 9:57-9:59).  It is clear from the foregoing that Martinez's waiver was knowing and voluntary.  See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).  Martinez verified that he had read the plea agreement it and discussed the agreement with his attorney before he signed it, and further testified that he understood the agreement. (Digital Recording of 4/5/05 Rearraignment at 9:37-9:38).

On June 24, 2004, the Court sentenced Martinez to 57 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and imposed a $100 special assessment. (D.E. 44, 45).  Judgment of conviction and sentence was entered on June 29, 2004. (D.E. 45).  Consistent with his waiver of appellate rights, Martinez did not appeal.  Martinez filed his § 2255 motion on June 27, 2005.  It is timely.

4

In his motion, Martinez asserts two claims, both of which are couched under the rubric of an ineffective assistance of counsel claim. First, he claims that his attorney was ineffective for failing to argue that he be given a two-level downward departure for being a "minor participant" in the offense. Second, he appears to be claiming that his counsel was ineffective with regard to his plea or that his plea was unknowing or involuntary, asserting two distinct arguments in support of this claim. First, he argues that he wanted a jury trial, but that his counsel did not want to try the case. Second, Martinez contends that his counsel never "went over the elements of the offense" with him.

For the reasons set forth herein, Martinez's claims fail.

### III. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an

appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Martinez has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he waived the first claim in his § 2255 motion, see infra Section III.C., and thus it does not reach the merits of that claim. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744, (5th Cir. 2005)(enforcing a waiver of appeal rights that was signed prior to the issuance of United States v. Booker, 125 S. Ct. 738 (2005)).

His claim that he received ineffective assistance with regard to his plea, however, falls outside the scope of his § 2255 waiver, because it is a direct challenge to the validity of the plea and, thus, the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); Cf. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000)(considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.

**B.   Ineffective Assistance of Counsel As to Plea**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir.

2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997)("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Martinez makes two arguments in support of his claim that he received ineffective assistance as to his plea: (1) that he did not want to plead guilty, but his attorney somehow convinced him to, because his attorney did not want to try the case; and (2) that his attorney did not explain the elements of his offense to him. As discussed herein, both of his contentions are flatly contradicted by his own testimony at his rearraignment, and thus his claim fails.

At the time that Martinez pleaded guilty, the Court properly and fully assured itself that his plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir.

1991), cert. denied, 112 S. Ct. 1678 (1992)(defendant must have a full understanding of what the plea connotes and of its consequences). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. United States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993). In this case, Martinez's own testimony makes clear that his guilty plea was knowing and voluntary and contradicts any belated assertion of a lack of understanding of the charges against him or any assertion that he was coerced by his counsel to plead guilty.

At his rearraignment, Martinez testified in open court that he had received a copy of his indictment and discussed it with his attorney. (Digital Recording of 4/5/04 Rearraignment at 9:18). He testified that he enough time to talk with his attorney about his case, that he understood his legal position in the case, that he did not require any additional time to discuss with his case with his attorney, that his attorney had made himself available to him, that his attorney had answered all of his questions, that his attorney was following his instructions. Finally, he testified that he was satisfied with the advice and efforts of his attorney. (Digital Recording of 4/5/04 Rearraignment at 9:19-9:20).

The Court informed Martinez of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights. (Digital Recording of 4/5/04 Rearraignment at 9:20-9:23)

Martinez testified that he discussed the charge with his attorney, and that he

8

understood the charges. The Court also informed Martinez of the charge against him and Martinez testified that he understood the charges. (Digital Recording of 4/5/04 Rearraignment at 9:25-9:26). The Court extensively questioned Martinez to ensure that he understood the nature of the crime to which he was pleading. (Digital Recording of 4/5/04 Rearraignment at 9:25-9:27). His statements, therefore, flatly contradict his assertion that he did not understand the charges against him.

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Martinez the maximum punishment that he might receive. Specifically, the Court informed him that he could be sentenced to a maximum of forty years in prison, and also explained that he was subject to a statutory minimum sentence of five years. The Court also informed him that there was a mandatory $100 special assessment, and a minimum supervised release term of four years, but that supervised release could last the rest of his life. The Court also informed him that he could be fined up to $2 million. (Digital Recording of 4/5/04 Rearraignment at 9:27-9:28).

Martinez testified that no one had threatened him or forced him to plead guilty, or made any promises to him concerning the sentence he would receive and that no one had coerced him to plead guilty. He testified that it was his decision to plead guilty, and that he was pleading guilty because he was guilty. (Digital Recording of 4/5/04 Rearraignment at 9:31).

Martinez's sworn statements in open court are entitled to a strong presumption of

9

truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Martinez's sworn statements preclude the relief he seeks here. He was not coerced into pleading guilty and he understood the charges against him. See Garcia, 983 F.2d at 627-28.

As to his claim that his attorney failed to explain the elements of his offense to him, this claim fails because the Court thoroughly explained the elements of his offense to him. Notably, a defendant suffers no prejudice due to receiving misinformation from his attorney where the plea colloquy reflects that the district court corrected any such misinformation. See Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996). Therefore, even if his attorney had given him misinformation regarding the charges against him or his possible sentence, the district court corrected any such misinformation at his rearraignment, and thus his ineffective assistance claim on this ground fails.

For the foregoing reasons, his claim that he received ineffective assistance as to his plea is without merit. His plea was knowing and voluntary, and was not coerced or the result of misinformation.

Because the Court concludes that the Martinez's only challenge to the plea agreement fails, then his waiver of § 2255 rights contained in his plea agreement is valid and enforceable. The effect of the waiver is discussed more fully in the subsequent section.

**C.     Waiver of § 2255 Rights**

It is clear from the rearraignment that Martinez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (Digital Recording of 4/5/04 Rearraignment at 9:57-9:59).  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Again, Martinez's statements under oath are entitled to a strong presumption of truthfulness.  Wilkes, 20 F.3d at 653; United States v. Cothran, 302 F.3d at 283-84.  Those statements support a finding that his wavier was knowing and voluntary.

In sum, the Court concludes that Martinez's waiver of his right to file a § 2255 motion is valid and enforceable.  Thus, while his ineffective assistance claim as to his plea is denied on the merits, his remaining claim (regarding ineffective assistance at counseling) falls within the scope of his waiver. That claim, therefore, is not properly before the Court. See generally Wilkes, supra; White, supra.  For these reasons, his § 2255 motion is DENIED in its entirety.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Martinez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S.

at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Martinez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to those claims that this Court has addressed on procedural grounds, the Court finds that Martinez cannot establish at least one of the Slack criteria. That is, reasonable jurists could not disagree that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Martinez's motion under 28 U.S.C. § 2255 (D.E. 54) is DENIED. The Court also DENIES Martinez a Certificate of Appealability.

It is so ORDERED this 27th day of July, 2005.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE